Vermont Superior Court
Filed 12/17/24
Windham Unit

VERMONT SUPERIOR COURT

Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 21-CV-01251

---

**John Doe v. New England Kurn Hattin Homes**

---

## ENTRY REGARDING MOTION

Title:          Motion for Protective Order with Respect to Scope of KHH 30(b)(6) Deposition
(Motion: 44)
Filer:          Gary F. Karnedy
Filed Date:     October 29, 2024

The motion is GRANTED IN PART and DENIED IN PART.

The court appreciates the attorneys' efforts to reach resolution on the issues in this motion through conferring prior to the filing of the motion.

The court grants the motion in part with respect to some areas of inquiry contemplated by Plaintiff for the Rule 30(b)(6) deposition, but as to many matters, the appropriate procedure will be for objections to be made with the reasons stated on the record at the time of the deposition.

The various topics identified by Defendant are addressed below:

Documents previously produced (Topic 1)

Documents previously produced to Plaintiff in discovery need not be provided again by Defendant in connection with the deposition, as Plaintiff already has them. Plaintiff may ask questions at the deposition about those documents related to areas of inquiry that are not disallowed by this and other rulings. The fact that documents have been provided or requested does not mean that deposition questions are duplicative and does not foreclose questioning on the documents themselves, related facts, or discovery responses, subject to protections of privileges and confidentiality agreements and court rulings. It is not a valid objection on the part of Defendant's counsel that 'the witness will only be able to say that the documents speak for themselves.' Plaintiff is entitled to responses from Defendant's witness, subject to valid objections raised on a question-by-question basis. These provisions apply to several of the topics below.

Kurn Hattin communications with third parties about Plaintiff (Topic 3)

Plaintiff may ask questions about materials provided in response to Plaintiff's prior discovery requests on this topic and related facts.

Training provided to staff, and supervision practices from 1960-79 (Topics 5 & 7)

Plaintiff may ask questions about materials provided in response to Plaintiff's prior discovery requests on these topics as well as related facts, but see Information from after 1974 below.

Events of abuse, incident reports, and staff interviews from 1960-79 (Topics 10, 11, 14)

Plaintiff may inquire further at the deposition about matters in documents already provided in discovery on these topics as well as related facts, but see Information from after 1974 below.

Discipline of staff 1960-1979 (Topic 15)

Plaintiff may inquire further at the deposition about matters in documents that are not otherwise privileged, but see Information from after 1974 below. The ruling about personnel files of staff remains in effect.

Internal policies and procedures and changes to sexual contact policy (Topics 16 & 17)

Plaintiff may inquire further at the deposition about matters in documents already provided in discovery on these topics and related facts.

Police reports 1950-1974, and reports to police (Topics 18 & 19)

Questions may be asked about both reports previously provided and reports made to police that did not result in police reports. How much information the witness is able to provide is not grounds for precluding such questions.

Corporal punishment policies (Topic 20)

Questions may be asked even if material was previously provided in discovery. What the law provided or provides is not grounds for denying discovery on actual facts. Questions may be asked about compliance and/or violations of the policy.

<u>Settlements with others and the attorney client privilege</u>

Plaintiff is not entitled to information subject to confidentiality agreements or privilege protections. Plaintiff is entitled to the Report but not confidential or privileged material that may have been part of the investigation. Plaintiff may ask questions about procedures used in conducting the investigation.

<u>Information from after 1974</u>

Plaintiff may inquire about events or documents from after 1974 if there is some relation to John Doe's experience prior to leaving Kurn Hattin, e.g., a post-1974 report of an incident that occurred at Kurn Hattin that involved John Doe when he was there. Otherwise, questions concerning Kurn Hattin when John Doe was no longer there do not meet the discovery standard.

<u>Student records (FERPA)</u>

Individual student records are made private by FERPA and may not be the subject of inquiry. A subpoena may authorize disclosure of such records but only in compliance with 33 CFR § 99.31(a)(9)(ii). There is no information that this requirement has been met. Therefore, Plaintiff may not compel student records.

Electronically signed December 16, 2024 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned